*United States v. Rivera*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand and twenty-six.

PRESENT:
>    SUSAN L. CARNEY,
>    BETH ROBINSON,
>    MYRNA PÉREZ,
>        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>    *Appellee*,

>        v.                                             No. 25-326

JORDAN RIVERA,

>    *Defendant-Appellant*,

TJON MACOLL, AKA TJ, COREY HEYWARD, ANDREW ECHEVARRIA, AKA Drew, JONATHAN RODRIGUEZ, AKA Bebo, MARQUIS WRIGHT, AKA Mark, WALI

BURGOS, AKA Guy Fisher, JASON BENJAMIN, AKA JC,
WILLIAM AMARIZAN, AKA Will Dollars, AKA Spanish
Will, RAHEEM AMARIZAN, AKA Rah Rah, JONATHAN
HARRIS, AKA Eggy, WILLIAM KNOX, AKA Mills
Gunna, COREY COOKS, DAQUAN MCBETH, AKA Day
Day, JAHNOMI BENJAMIN, AKA Jamroc, KEITH RUIZ,
AKA Keefy, RYAN VALENTIN, MIGUEL ROMERO, AKA
Mikey, KAYE ROSADO, AKA Trippa, NAQUANN
SIMMONS, AKA Young Money, DIQUINN LACEND,
AKA Naughty, WILFREDO RIVERA, AKA Cito,
KENNETH JENKINS, VINCENT FIELDER, AKA DJ, MIA
DENTICO, PAMELA BROWN,

    *Defendants.*[*]

_____

  FOR APPELLEE:        JAMES G. MANDILK, Assistant
                   United States Attorney (Nathan
                   Rehn, Assistant United States
                   Attorney, *on the brief*), *for* Jay
                   Clayton, United States Attorney for
                   the Southern District of New York,
                   New York, NY.

  FOR DEFENDANT-APPELLANT:    MEGAN WOLFE BENETT, Esq., New
                   York, NY.

   Appeal from a judgment of the United States District Court for the Southern

District of New York (Engelmayer, *Judge*).

_____

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 30, 2025, is **AFFIRMED**.

In 2016, Defendant-Appellant Jordan Rivera was sentenced primarily to 100 months' imprisonment following his guilty plea to conspiracy to commit racketeering and brandishing a firearm in relation to a crime of violence, to be followed by a five-year term of supervised release. While on supervised release, Rivera was charged with violating multiple conditions of his supervised release, including by failing to complete an assigned treatment program because he was discharged after making threats to a fellow client and program staff. After Rivera admitted the violations, Judge Engelmayer revoked Rivera's original term of supervised release and sentenced Rivera to nine months' imprisonment, to be followed by four years and three months of supervised release.

On appeal from that judgment, Rivera argues that the district court erred by considering the retributive factors set forth in 18 U.S.C. § 3553(a)(2)(A), over his objection, in violation of the Supreme Court's ruling in *Esteras v. United States*, 606 U.S. 185 (2025). We assume the parties' familiarity with the underlying facts,

procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review challenges to a sentence imposed for violations of supervised release using the "same standard as for sentencing generally." *United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015), *as amended* (June 3, 2015).[1]  That is, we review preserved challenges to the procedural or substantive reasonableness of a sentence for abuse of discretion. *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).

Rivera contends that the district court ran afoul of the Supreme Court's guidance in *Esteras* by relying on the retributive factors set forth in 18 U.S.C. § 3553(a)(2)(A) in sentencing Rivera for his supervised release violations.  In *Esteras*, the Supreme Court held that when imposing a revocation sentence, district courts may not rely on those retributive factors that relate to any underlying crime of conviction.  *See* 606 U.S. at 193–97.  The Supreme Court explained the significance of Congress's omission of those factors from the list of considerations identified in 18 U.S.C. § 3583(e) as applicable in revocation proceedings:  "The itemized list in § 3583(e)," it held, "is exhaustive" and "suppl[ies] the universe of

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

factors that the district court can consider." *Id.* at 198. The Court further explained that the references in § 3553(a)(2)(A) to "the seriousness of the offense" and "just punishment for the offense" refer to the defendant's underlying crime of conviction, not the conduct constituting the supervised release violation. *Id.* at 193–94. This provision, which contemplates consideration of retributive factors, does not apply to sentencing for violations of terms of supervised release. *See* 18 U.S.C. § 3583(e). The Court took "no position" on whether district courts can consider the retributive factors with respect to the *violation* conduct, *id.* at 194 n.5; it instructed only that courts may not "exact retribution for the defendant's original criminal offense" in a supervised release revocation proceeding, *id.* at 203.

We disagree with Rivera's assertion that the district court violated *Esteras* by relying on the retributive sentencing factors with respect to his underlying offenses here. To the contrary, when counsel suggested at one point during sentencing that the court was "looking at the underlying offense," the district court cut her off to emphasize that it was "not looking at the underlying conduct for which [Rivera] went to prison a long time ago." App'x at 237. Rather, the court focused on Rivera's "time on supervised release." *Id.* In particular, the court focused on "the extent to which" its trust "was violated" in addition to deterrence

5

and the need to "protect the public from further crimes of the defendant." *Id.* at 243. At no point in the sentencing proceeding did the court suggest that it was relying on the seriousness of Rivera's original *offenses*, the underlying racketeering and firearm crimes, in imposing sentence.

Nor are we persuaded that because the district court adopted the government's recommended sentence, the district court implicitly adopted the government's *reasoning*, including its emphasis on Rivera's underlying *offense* conduct. The record belies this concern. The district court charted its own path in sentencing, and we see no violation in the district court's reasoning.

Finally, we reject Rivera's argument that the district court considered the retributive factors with respect to his supervised release violation conduct, which he argues is not permitted under 18 U.S.C. § 3583(e)(3). We need not decide whether reliance on retribution for violation conduct would have been error because we conclude that, in any event, the district court here did not rely on such retributive considerations.

The district court's revocation sentence rested on forward-looking considerations. *See Esteras*, 606 U.S. at 196 ("[W]hen a defendant violates the conditions of his supervised release, it makes sense that a court must consider the

*forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purpose of retribution."). The court's comments regarding Rivera's threats against probation officers and treatment-facility staff demonstrate that it considered those threats through a lens focused on forward-looking purposes of sentencing. *See, e.g.*, App'x at 247 (emphasizing Rivera's repeated disruptions to the "ability [of probation officers and rehabilitation officials] to do their work" and recommending that he be offered mental health treatment while incarcerated). The court also expressly invoked the need for the revocation sentence to advance the goals of deterrence, rehabilitation, and public safety. *See id.* at 248 (explaining that "[t]he sentence I impose needs to send a clear message to you, which is that you cannot engage in threatening behavior"); *id.* at 248–49 (expressing its "hope that [the revocation sentence] leads you to internalize never to threaten or hurt anyone ever again"); *id.* at 249 (emphasizing the goal of "advanc[ing] . . . public protection"). At no point did the district court rely on retributive factors such as the need "to provide just punishment" for Rivera's conduct. 18 U.S.C. § 3553(a)(2)(A).

\* \* \*

For the above reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court